JUDGE ELLIOTT
delivered the opinion of the court.
This is an appeal from several orders and judgments in a suit in equity by appellee against appellant to subject some real estate of the appellant to the satisfaction of appellee’s claim.
*207 The court below rendered judgment fixing the amount of appellee’s claim and adjudging a sale of appellant’s interest in some real estate in Louisville for its satisfaction.
At' the sale made by the marshal of the Louisville Chancery Court the appellant bid twenty-four hundred and fifty-five dollars, and being the highest and best bidder was declared the purchaser. The appellant executed bond, as required by the judgment, with B. H. Lawrence as his surety, and offered the same to the marshal as a compliance with the terms of his purchase. The marshal, it appears, for his own protection required Lawrence the surety to make an affidavit as to his ability to pay the amount of the bond. Whereupon Lawrence made affidavit that he had property in this state subject to execution, after the payment of his debts, to the amount of $4,910. The marshal then accepted the bond and attested it as required by law. He however states that after taking the bond, upon inquiry he came to the conclusion that the surety Lawrence was not good, and notified appellant that he would have to execute another bond with sufficient security, which he failed to do, and the marshal thereupon reported to court that appellant, although he had bid off the property, had failed to comply with the terms of sale by executing bond with approved security. Upon this report, a rule was awarded against appellant to show cause why he did not complete his purchase by the execution of the requisite bond.
The appellant responded that he had executed bond with Lawrence as his surety for the amount of his bid, and that the surety was amply good for the amount of the bond, and that the bond had been accepted by the officer who made the sale, and as the marshal had failed to return the bond into court with .his report, he asked for a rule against the marshal to show why he did not return it. The court adjudged his response insufficient, and refused his motion for a rule against the marshal, and, adjudging him in contempt, ordered an *208 attachment to issue against him, which was continued up to the final judgment in this cause.
The court refused to hear proof as to the solvency of appellant’s surety, and required him to again surrender the land for sale, which he did under protest, and on the last sale appellee became the purchaser, at the price of $1,500, and this last report of sale was confirmed by the court against appellant’s objections.
The judgment of the court was, that its officer take bond with approved security, and the proof in this record is, that at the first sale appellant became the purchaser, and executed bond with security, proved by his own affidavit to be worth twice the amount of the bond, and the purchase-money bond was accepted, and duly attested by the officer required to make the sale and take the bond, and we are of opinion that when the marshal received and accepted and officially attested this bond, his duties, so far as the sale was concerned, were fully discharged; and it was his duty to report to the court the sale, to indicate the purchaser, and file the bond as a part of his report.
If, after the purchaser had completed his purchase by the execution of the required bond, and its acceptancy by the court’s officer, it turned out that the surety was not good, upon a suggestion of that fact the court could hear proof and refuse to confirm or accept the purchaser’s bid till the amount thereof was amply secured by a sufficient bond; but we are of opinion that, after the commissioner of a court of equity has discharged the duty imposed on him by a sale of the land ordered to be sold, and has accepted the bond of the purchaser, and attested the same, his duties, so far as the sale of the property ordered to be'sold is concerned, are at an end, and nothing remains for him to do but to report the manner in which he has discharged his duty to the court,.together with the bond or bonds executed by the purchaser of the property sold by him.
*209 Suppose the marshal had reported (which was the fact) that he had sold the real estate, as required by the court’s judgment, and that appellant became the purchaser, and had executed bond with B. H. Lawrence as his surety for the purchase-price, which bond had been accepted and attested by him, and was made a part of his report; and then imagine that he had reported further that, after he had made the sale and accepted the sale-bond, he had, on inquiry, ascertained that the surety was not good, and had required additional security from the purchaser, which had not been given. Does any body contend that a motion to set aside the sale and annul the sale-bond could be sustained on these reported facts by the obligees in the sale-bond? “We think it is plain that the obligees in the bond could not have avoided it on the ground merely that the court’s commissioner, after its execution and delivery to and acceptance by him, had discovered that the surety was not good. He made this discovery, if at all, after he had completed the sale and accepted the purchaser’s sale-bond, and when all his duties were at an end, except that of reporting to the court what he had done under its order.
If the sale was binding on the appellant it would be binding on appellee, and all others till excepted to and proof heard showing that, from the insolvency of the surety or other cause, appellant’s offer to purchase ought not to be carried out by a confirmation of the sale, but the sale to the appellee ought to be set aside and the land resold. If for nothing else, the last sale would be judged erroneous because the order directing it required the marshal to refuse any bid made by appellant or his agent.
The appellant has been guilty of no default, according to the evidence in this record. He bid for the land, it is true; but he executed bond with security which was not only regarded as ample by the court’s' officei’, but whose affidavit proved him to be worth twice the amount of the sale-bond; *210 and although the surety, from the evidence, appears to have been solvent, and the officer of the court accepted the bond tendered by appellant, a resale is ordered, and he is excluded as a bidder because he executed it. This was certainly erroneous.
Wherefore the judgments and orders appealed from are reversed and cause remanded with directions to confirm appellant’s purchase, unless, for good cause shown, the court annuls or sets the same aside, and orders a resale of the property, and for further proceedings consistent with this opinion.